**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-CV-___________

CHERYL OSTERMAN,

Plaintiff,

v.

MESILLA VALLEY TRANSPORTATION, INC., and MIHIGO VYAMUNGU,

Defendants.

---

**NOTICE OF REMOVAL**

---

Defendant MVT Services, LLC d/b/a Defendants Mesilla Valley Transportation, incorrectly identified in the Complaint as Mesilla Valley Transportation, Inc., (hereinafter "Defendant"), by and through its undersigned counsel, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Denver County District Court, Case No. 21CV30282, to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

1. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District of Colorado has diversity jurisdiction under 28 U.S.C. § 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

**A. Diversity of Citizenship**

2. There is complete diversity of citizenship between Plaintiff and Defendants.

3. Plaintiff, Cheryl Osterman, is a citizen of Colorado. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile"). Plaintiff is domiciled in Colorado.

4. The Defendant entity identified in the Complaint is Mesilla Valley Transportation, Inc., which is a citizen of New Mexico. It is a New Mexico Corporation with a principal place of business of 3590 W. Picacho Ave., Las Cruces, NM 88007. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 20 U.S.C. § 1332(c). However, Mesilla Valley Transportation, Inc. is not the correct Defendant entity.

5. The correct Defendant entity of MVT Services, LLC, which is a citizen of New Mexico and Nevada. *See Hale v. Mastersoft Int'l Pty., Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000) ("[A] limited liability company is a citizen of the states of which its members are citizens"). MVT Services LLC has one member and owner: MVT Holdings LLC. MVT Holdings LLC has six (6) members: four Irrevocable Trusts, all created in the State of Nevada and citizens of the State of Nevada; one natural person who is a Citizen of the State of New Mexico; and one New Mexico corporation with its principal place of business in Las Cruces, New Mexico.

6. Defendant Vyamungu is a citizen of Idaho. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile"). Mr. Vyamungu is domiciled in Idaho.

**B. Amount in Controversy**

7. The amount in controversy exceeds $75,000. Though Defendant denies the allegations in the Complaint, Plaintiff alleges that Defendant caused an automobile accident that

caused Plaintiff to incur over $50,000 in past medical expenses. *See* Complaint at Paragraph 17. Plaintiff also claims "future, economic and non-economic injuries and losses including, but not limited to, physical pain and suffering, loss of the enjoyment of life, loss of the capacity to perform household work, permanent physical impairment, and inconvenience." *Id*.

8. In addition, Plaintiff admits the amount in controversy exceeds $100,000 in the Civil Cover Sheet submitted in the State Court. *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016)(holding that, for the purpose of evaluating the amount in controversy, the "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)").

**C. Procedural Requirements**

9. Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.[1]

10. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being served within thirty days after service upon all of the Defendants. Defendant was served in January 29, 2021.

11. A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

12. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendant or filed in the state court action are attached as follows:

**Exhibit A** Civil Case Cover Sheet

[1] Defendant is not required to obtain consent from the non-served Defendant. *Godley v. Valley View State Bank*, Civil Action No. 99-2531-GTV, 2000 U.S. Dist. LEXIS 11076, *3-4 (D. Kan. July 6, 2000) (citing *McShares v. Barry*, 979 F. Supp.1338, 1342 (D. Kan. 1997)).

**Exhibit B**  Complaint

**Exhibit C**  Delay Reduction Order

**Exhibit D**  Defendant's Answer, Affirmative Defenses, and Jury Demand

13. Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the state court action.

WHEREFORE, Defendant respectfully requests that the action now pending in the Denver County District Court, Case No. 21CV30282, be removed to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 26th day of February, 2021.

                HALL & EVANS, LLC

                *s/ Daniel J. Bristol*
                Paul T. Yarbrough, Esq.
                Daniel J. Bristol, Esq.
                Brooke Churchman, Esq.
                1001 17th Street, Suite 300
                Denver, CO  80202
                Phone:  (303) 628-3300
                Fax:  (303) 628-3368
                yarbroughp@hallevans.com
                bristold@hallevans.com
                churchmanb@hallevans.com
                *Attorneys for Defendant MVT Services, LLC*
                *d/b/a Defendants Mesilla Valley Transportation*


**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on the 26th day of February, 2021 a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court using the CM/ECF system which will send notification of such filing to parties and counsel registered through ECF. In addition, I hereby certify that I have served via electronic mail the foregoing document to any non-CM/ECF participants:

Carl A. Zielinski, Esq.
David McDivitt, Esq.
MCDIVITT LAW FIRM, P.C.
19 E. Cimarron Street
Colorado Springs, CO 80903
*Attorneys for Plaintiff*

*s/Olivia Erkhart*
Olivia Erkhart, Legal Assistant
HALL & EVANS, LLC