| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Address:   1437 Bannock Street,<br>           Denver, CO 80202<br>Telephone: (720) 865-8301 | DATE FILED: January 25, 2021 4:34 PM<br>FILING ID: 3F62CFD1E849E<br>CASE NUMBER: 2021CV30282 |
| **PLAINTIFFS: CHERYL OSTERMAN**<br><br>v.<br><br>**DEFENDANTS: MESILLA VALLEY TRANSPORTATION, INC., and MIHIGO VYAMUNGU** | ▲  COURT USE ONLY  ▲ |
| Attorneys for The Plaintiff<br><br>Name(s):       Carl A. Zielinski, #49112<br>               David McDivitt, #38286<br>Firm:          MCDIVITT LAW FIRM, P.C.<br>               19 East Cimarron Street<br>Address:       Colorado Springs, CO  80903<br>Phone Number:  (719) 471-3700<br>Fax Number:    (719) 471-9782<br>E-Mail Address: litigation@mcdivittlaw.com | Case Number:<br><br><br><br>Div/Ctrm: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff, Cheryl Osterman, (hereinafter "Plaintiff"), by and through his attorneys, MCDIVITT LAW FIRM, P.C., for his Complaint and Jury Demand against Defendant Mesilla Valley Transportation, Inc. (hereinafter "Mesilla Valley" and/or "Mesilla") and Defendant Mihigo Vyamungu (hereinafter "Defendant Vyamungu" and/or "Vyamungu"), hereinafter referred to collectively as "Defendants," states and hereby alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is a resident of Colorado, with an address of 7405 Bondurant Road, Pueblo, CO 81004.

2. Upon information and belief, Plaintiff alleges that Defendant Mesilla Valley is a New Mexico corporation that, at all relevant times stated herein, was not registered as a foreign Colorado corporation with the Secretary of State of Colorado.

3. Upon information and belief, Plaintiff alleges that Defendant Vyamungu is a resident of Idaho, with a last known address of 1910 North Westgate Drive, Boise, Idaho, 83704.

EXHIBIT B

4. All the incidents giving rise to Plaintiffs claim, known or unknown, occurred within the County of Pueblo, State of Colorado.

5. Upon information and belief, Plaintiff alleges that Defendant Mesilla Valley is non-resident of Colorado and, thus, pursuant to *Colorado Rules of Civil Procedure* (C.R.C.P.) 98(c)(1), venue is proper in Denver County.

6. Upon information and belief, Plaintiff alleges that Defendant Mesilla Valley's registered agent for process is likely located in Denver County.

## FACTUAL ALLEGATIONS

7. On August 22, 2019 at approximately 8:40 a.m., Plaintiff was a passenger in a 2007 Kia Sorento. At this time, Plaintiff's vehicle was driving northbound on Interstate 25 at or near exit 94 in the City of Pueblo, County of Pueblo, State of Colorado.

8. At that same date and time, Defendant Vyamungu was operating a tractor trailer on northbound Interstate 25.

9. Upon information and belief, Plaintiff alleges that Defendant Vyamungu was, and is, an employee of Defendant Mesilla Valley, and was, at all times relevant herein, operating the tractor trailer in the scope of his employment with Defendant Mesilla Valley.

10. Upon information and belief, Plaintiff alleges that her vehicle was driving in the left-hand lane of Interstate 25.

11. Upon information and belief, Plaintiff alleges that Defendant Vyamungu was operating his vehicle in the right-hand lane of Interstate 25.

12. Upon information and belief, Plaintiff alleges that Defendant Vyamungu attempted to merge from the right into the left lane of Interstate 25.

13. As a result thereof, the driver of Plaintiffs's vehicle attempted to avoid colliding with Defendant Vyamungu, sending the vehicle off the left side of Interstate 25.

14. In committing the aforementioned actions and/or omissions, Defendant was driving aggressively, failed to keep his lane, failed to yield the right-of-way, and otherwise failed to operate his vehicle in a safe and prudent manner.

15. In committing the aforementioned actions and/or omissions, Defendant Vyamungu was negligent.

16. As a direct and proximate result of the negligence of Defendant Vyamungu, Plaintiff suffered bodily injuries to her entire person including, but not limited to, her back.

17. As a further direct and proximate result of the negligence of Defendant Vyamungu, Plaintiff has incurred bills for health care and treatment, the reasonable value of which is in excess of approximately $50,764.78 and may incur additional such expenses in the future.

18. As a further direct and proximate result of the negligence of Defendant Vyamungu, Plaintiff has been caused to suffer in the past, and will suffer in the future, economic and non-economic injuries and losses including, but not limited to, physical pain and suffering, loss of the enjoyment of life, loss of the capacity to perform household work, permanent physical impairment, and inconvenience.

19. Under the doctrine of *respondeat superior*, Defendant Mesilla Valley is liable for the injuries and damages negligently caused by Defendant Vyamungu while Defendant Vyamungu was acting within the course and scope of his employment for Defendant Mesilla Valley.

## FIRST CLAIM FOR RELIEF
**Negligence**
(As to Defendant Vyamungu)

20. The Plaintiff incorporates by reference allegations 1 through 19 above as though fully set forth herein.

21. At said time and date, Defendant Vyamungu was driving negligently in driving aggressively, failing to keep his lane, failing to yield the right-of-way, and otherwise failing to operate his vehicle in a safe and prudent manner. This caused Plaintiff's vehicle to go off of the highway to avoid colliding with his vehicle.

22. At all times relevant herein, Defendant Vyamungu had a duty to operate his vehicle with reasonable care as to not pose an unreasonable risk of harm to others, including Plaintiff.

23. In committing the aforementioned actions, Defendant Vyamungu was careless, reckless and negligent. In failing to operate his vehicle with reasonable care, Defendant Vyamungu breached his duty not to pose an unreasonable risk of harm to others, including Plaintiff, while operating his motor vehicle.

24. As a direct and proximate cause result of Defendant Vyamungu's negligent, careless and reckless actions, Plaintiff has incurred substantial bills for health care and treatment, the reasonable value of which is in excess of $50,764.78 and may incur additional such expenses in the future.

25. As a direct and proximate cause result of Defendant Vyamungu's negligent, careless and reckless actions, Plaintiff has been caused to suffer past and future economic and non-

economic damages including, but not limited to, physical pain and suffering, loss of the enjoyment of life, loss of capacity to perform household work, inconvenience, and permanent impairment and disability.

**WHEREFORE** Plaintiff prays for relief as set forth at the end of this Complaint.

### THIRD CLAIM FOR RELEIF
**Negligence *Per Se:* Statutory Violations**
(As to Defendant Vyamungu)

26. The Plaintiff incorporates by reference allegations 1 through 25 above as though fully set forth herein.

27. At all times relevant herein, 49 C.F.R. §§ 350 to 399 were in full force and effect.

28. Defendant Vyamungu violated state and federal statutes and regulations, including, but not limited to, 49 C.F.R. §§ 350 to 399.

29. Defendant Vyamungu's statutory violations directly and proximately caused Plaintiff's damages and injuries enumerated herein.

**WHEREFORE** Plaintiff prays for relief as set forth at the end of this Complaint.

### FOURTH CLAIM FOR RELEIF
*Vicarious Liability*
(As to Defendant Mesilla Valley)

30. The Plaintiff incorporates by reference allegations 1 through 29 above as though fully set forth herein.

31. Upon information and belief, Plaintiff alleges that Defendant Vyamungu was, and is, an employee, agent, servant, or independent contractor of Defendant Mesilla Valley.

32. Upon information and belief, Plaintiff alleges that Defendant Vyamungu, at all times relevant herein, was operating the tractor trailer in the scope of his employment with Defendant Mesilla Valley at the time the subject accident occurred.

33. Under the doctrine of *respondeat superior*, Defendant Mesilla Valley is vicariously liable for the injuries and damages, as enumerated herein, which were negligently caused by Defendant Vyamungu while Defendant Vyamungu was acting within the course and scope of his employment for Defendant Mesilla Valley.

**WHEREFORE** Plaintiff prays for relief as set forth at the end of this Complaint.

### FIFTH CLAIM FOR RELEIF
*Negligent Hiring and Retention*
(As to Defendant Mesilla Valley)

34. The Plaintiff incorporates by reference allegations 1 through 33 above as though fully set forth herein.

35. Defendant Mesilla Valley had a duty to act reasonably in the hiring, supervision and retention of Defendant Vyamungu, and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

36. Defendant Mesilla Valley failed in the abovementioned duties and was, thus, negligent in the hiring, supervision, and retention of Defendant Vyamungu, as well as in their promulgation and enforcement of rules and regulations which ensure its drivers and vehicles were reasonably safe.

37. Defendant Mesilla Valley's negligence in this regard was a direct and proximate cause of Plaintiff's injuries and damages, as enumerated herein.

**WHEREFORE** Plaintiff prays for relief as set forth at the end of this Complaint.

### SIXTH CLAIM FOR RELEIF
**Negligence *Per Se:* Statutory Violations**
(As to Defendant Mesilla Valley)

38. The Plaintiff incorporates by reference allegations 1 through 37 above as though fully set forth herein.

39. At all times relevant herein, 49 C.F.R. §§ 350 to 399 were in full force and effect.

40. Defendant Mesilla Valley violated, and encouraged Defendant Vyamungu to violate state and federal statutes and regulations, including, but not limited to 49 C.F.R. §§ 350 to 399.

41. Defendant Mesilla Valley's statutory violations directly and proximately caused Plaintiff's damages and injuries, as enumerated herein.

### JURY DEMAND

The Plaintiff request trial to a jury of six (6) persons on all issues so triable.

**WHEREFORE**, Plaintiff requests that judgment be entered against the Defendants, and each of them, for all reasonable compensatory damages allowed by law, costs, expert witness fees, interest as provided by law from the date this action accrued, interest as provided by law, calculated at a compound rate, from the date of filing the original complaint, and such other and further relief as the Court deems proper.

Respectfully submitted, this 25th day of January, 2021.

MCDIVITT LAW FIRM, P.C.


*/S/ Carl Zielinski*

*Original signature on file pursuant to C.R.C.P. 121 § 1-26*

**Carl Zielinski**, #49112
**David E. McDivitt**, #38286

Plaintiff's address:
7405 Bondurant Road,
Pueblo, CO 81004